

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

Case No. 23-cv- 22-KHR

CLINTON STRANGE,

*Plaintiff*

v.                                                                    ***JURY TRIAL DEMANDED***

WHOLESALE PAYMENTS DIRECT, INC.,

a Wyoming Domestic Profit Corporation

*Defendant*

_____/

### CIVIL ACTION COMPLAINT

FOR VIOLATIONS OF THE:

TELEPHONE CONSUMER PROTECTION ACT OF 1991;

LOUISIANA CALLER ID ANTI-SPOOFING ACT OF 2018;

&

GEORGIA UNFAIR OR DECEPTIVE PRACTICES TOWARD

THE ELDERLY ACT OF 1985

---

### NATURE OF SUIT:

1. The *pro se* Plaintiff CLINTON STRANGE ("PLAINTIFF") brings suit against Defendant WHOLESALE PAYMENTS DIRECT, INC., ("DEFENDANT"), a Wyoming Domestic Profit Corporation for *alleged* willful & knowing continued violations of the TELEPHONE CONSUMER PROTECTION ACT OF 1991 ("TCPA"); LOUISIANA CALLER ID ANTI-SPOOFING ACT OF 2018 ("LA CIDASA"); and the GEORGIA UNFAIR OR DECEPTIVE PRACTICES TOWARD THE ELDERLY ACT OF 1985 ("GUDPTEA") seeking a maximum award of damages, and injunctive relief enjoining

Defendant from future violations, recovery of all reasonable cost, expenses and or fees; together along with pre and or post judgment interest allowable under the law.

## JURISDICTION & VENUE:

2. Jurisdiction primarily arises in this U.S. District Court under a federal question as the TCPA is a federal statute pursuant to 28 U.S. Code § 1331; and also, *Mims v. Arrow Financial Services, L.L.C.*, ___ U.S. ___, 132 S.Ct. 740 (2012).

3. Supplemental Jurisdiction would be properly applied in this action as it is not so much a federal tail wagging a state law 'dog' because Plaintiff's Georgia and Federal State Law claims arise out of the same set and nucleus of operative facts that originally give rise to federal question jurisdiction, the State Law Claims (that are not Federally Pre-Empted) essentially in many ways mirror some federal statutes that this Court is *already* tasked with interpreting / enforcing, and (most importantly) to promote judicial economy, this Court should choose to retain Supplemental Jurisdiction under 28 U.S. Code § 1367.

4. Venue lies proper in this U.S. District as Defendant is a Wyoming Domestic Corporation and Plaintiff consents to the venue pursuant to 28 U.S. Code § 1391.

## THE PARTIES:

5. Plaintiff *pro se* CLINTON STRANGE is an adult individual and a "person" as that term is defined under 47 U.S. Code § 153(39) residing at the address of:

> CLINTON STRANGE
> 7021 WINBURN DRIVE
> GREENWOOD, LA 71033

6. Defendant WHOLESALE PAYMENTS DIRECT, INC. is a Wyoming Domestic Profit Corporation and a "person" as that term is defined under 47 U.S. Code § 153(39) that is

Incorporated in Wyoming with a principal place of business in Atlanta, Georgia. According to the Wyoming Secretary of State, this Defendant can be served via its Wyoming Registered Agent as follows:

Northwest Registered Agent Service Inc
c/o: WHOLESALE PAYMENTS DIRECT, INC
30 N Gould St Ste N
Sheridan, WY 82801 USA

**FACTUAL ALLEGATIONS:**

Historical Background Leading Up to the *Current* Complaint

7. Before Plaintiff entirely left the tradesman workforce as a traveling appliance HVAC repair trainer (and later an exclusive contractor) with Sears Roebuck & Co. (due to his service-connected disabilities), on January 3, 2018, registered his personal residential Verizon Wireless cellphone No. (318) 423-5057 on the U.S. Federal Trade Commission's Do-Not-Call List.

8. Plaintiff previously *alleged* (and subsequently brought suit) against Defendant based on TCPA violative calls in or around October 2021 that were later amicably resolved. *See Strange v. Ingenico, Inc. et al.*, No.1:22-cv-00391-SDG (N. D. Ga.).

The Events & Incidents Giving Rise to the Complaint

9. On Tuesday, July 19, 2022, at 3:39pm CST Defendant's agent placed an autodialed call to Plaintiff's DNC Registered residential cellphone No. (318) 423-5057 to promote Defendant's products, goods and or services. The Caller ID information was spoofed as it represented the call was from (meaning initiated by) an *innocent* Oklahoma Consumer and subscriber of AT&T Wireless.



**Figure A**

10. Plaintiff received an email from Defendant's employee during the time the (July 19th) call was (connected) at 3:42pm CST, and the telephone number 580-504-3673 is a Cingular / AT & T Wireless number subscribed to by an innocent Oklahoma consumer.



**Figure B**               **Figure C**

11. Later, (via email) Plaintiff confronted Defendant's CEO (and their Florida outside counsel) with the new allegation. Defendant's CEO denied that they had any connection with the July 19th call (via email) and after Plaintiff transmitted the screen capture of the *email*, Defendant's CEO went silent.

12. On Tuesday, October 25, 2022, at 4:42pm CST Defendant again transmitted an autodialed call to Plaintiff's DNC Registered residential cellphone No. (318) 423-5057 to promote Defendant's products, goods and or services. While Plaintiff was on the connected call with Defendant's employee, Defendant emailed Plaintiff.



     **Figure D**          **Figure E**

### The Plaintiff's Alleged Harm & Injuries Traceable to the Conduct of Defendant

13. Plaintiff just wants to be left alone, and not harassed by Hawkers of services which Plaintiff has no interest in (as evident by the fact that Plaintiff previously sued them).

14. The 5th U.S. Circuit Court of Appeals recently compared the activities of Defendant to a public nuisance (like a Texas Whorehouse or a Malarial Pond). See *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 689 (5th Cir. 2021).

15. Defendant's autodialed calls are unwelcome and a nuisance, and Defendant has apparently undertaken steps to obfuscate their involvement / avoid civil liability by *spoofing* their Caller ID.

## THE COUNTS & CAUSES OF ACTION:

### COUNT I:

**(Plaintiff v. Defendant)**

**Willful & Knowing Violations of 47 U.S. Code § 227(b)**

16. Plaintiff incorporates all the foregoing paragraphs No. 1-15 as though the same were set forth at length herein.

17. Defendant utilized an automatic telephone dialing system ("ATDS") which had the present capacity to produce random or sequentially generated spoofed telephone numbers that the equipment used to manipulate Caller ID information in outbound calls terminating to U.S. Consumers in July 2022.

18. Defendant is liable to Plaintiff for placing at least two (2) calls to Plaintiff's cellphone (in July & October 2022 respectively) in violation of 47 U.S. Code § 227(b)(1)(A)(iii) which the Court at its discretion should award Plaintiff $3,000.00 in statutory damages.

## COUNT II:

### (Plaintiff v. Defendant)

### Willful & Knowing Violations of 47 U.S. Code § 227(c)(5)

19. Plaintiff incorporates all the foregoing paragraphs No. 1-15 as though the same were set forth at length herein.

20. Defendant placed and or initiated at least 2-calls in a 12-month period to a DNC registered number. This action was particularly egregious because Plaintiff previously sued Defendant in a Georgia Federal District Court for the same allegations.

21. Defendant is liable to Plaintiff for placing at least two (2) calls to Plaintiff's DNC registered cellphone (in July & October 2022 respectively) in violation of 47 U.S. Code § 227(C)(5) which the Court at its discretion should award Plaintiff $3,000.00 in statutory damages.

## CAUSE OF ACTION No. III:

### (Plaintiff v. Defendant)

### Willful & Knowing Violations of Louisiana Revised Statute 51 §1741.1

22. Plaintiff incorporates all the foregoing paragraphs No. 1-15 as though the same were set forth at length herein.

23. Defendant placed and or initiated at least 2-calls in a 12-month period to a DNC registered number. This action was particularly egregious because Plaintiff previously sued Defendant in a Georgia Federal District Court for the same allegations.

24. Defendant utilized a random or sequential number generator to display a false Caller ID information to obfuscate civil liability to Plaintiff ((for placing at least two (2) calls to Plaintiff's DNC registered cellphone (in July & October 2022 respectively)).

25. Defendant is liable to Plaintiff for up to $10,000.00 (Ten Thousand Dollars) for each violation the Court deems Defendant liable under this Cause of Action.

## COUNT IV:
### (Plaintiff v. Defendant)
### Failure to Provide a Written DNC Policy under 47 C.F.R. § 64.1200(d)(4)

26. Plaintiff incorporates all the foregoing paragraphs No. 1-15 as though the same were set forth at length herein.

27. The FCC defines "advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services," 4 7 C.F.R. § 64.1200(f)(l), and defines "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(e)(1)(3).

28. Defendant Wholesale Payments Direct, Inc. is liable to the Plaintiff for statutory damages under the TCP A in the amount of $500 for each and every violation that the trier of fact deems it liable under this count because on October 20, 2021, the Plaintiff served Wholesale Payments Direct via their Wyoming and or Delaware Registered Agents respectively a Do-Not-Call Demand and a written request for a copy of their Do-Not-Call Policy. None was ever received, because Wholesale Payments Direct does not , in fact, have a Do-Not-Call Policy.

29. The fact that they (Wholesale Payments Direct, Inc.) does not maintain a Do-Not-Call Policy, and or procedures for placing and or allocating consumers like the Plaintiff on its Do-Not-Call " list" (which does not in-fact exist) resulted in future harm to Plaintiff. This violates subsection (d) of the TCPA and 47 C.F.R. § 64.1200(d)(4).

30. Other U.S. District Courts in the footprint of the 4th U.S. Circuit have found and held that violations of subsection (d) of the TCPA and 47 C.F.R. § 64.1200(d) are separately recoverable by harmed consumers under subsection 47 U.S. Code 227 (c) in private TCPA actions.

31. Defendant is liable to Plaintiff for violations of 47 C.F.R. § 64.1200(d)(4) that are recoverable separately under 47 U.S. Code § 227(C)(5) which the Court *at its discretion* should award Plaintiff up to $3,000.00 in statutory damages.

**CAUSE OF ACTION No. V:**
**(Plaintiff v. Defendant)**
**Willful & Knowing Violations of O.C.G.A. § 10-1-851**

32. Plaintiff incorporates all the foregoing paragraphs No. 1-15 as though the same were set forth at length herein.

33. The GUDPTEA enhances the penalties that a court may impose for a violation of the GFBPA when the violation is against an elderly or disabled person. O.C.G.A. § 10-1-851; *Horne v. Harbour Portfolio VI, LP*, 304 F.Supp.3d 1332, 1344 (N.D. Ga. 2018) ("Under Georgia law, individuals who violate the [GFBPA] are subject to additional civil penalties if the violation is committed against elder or disabled persons.") (citations omitted).

34. Plaintiff Clinton Strange is a disabled person within the meaning of O.C.G.A. § 10-1-850(1) and therefore violated the GUDPTEA because (after being placed on notice via the prior 2021 lawsuit) it "knew or reasonably should have known that [its] relentless violative misconduct might cause harm to Plaintiff and or a certain percentage of disabled persons".

35. Plaintiff is a disabled veteran, and receives disability benefits from the VA, and further avers that he has been classified by the State of Louisiana and the VA as "totally and permanently disabled." This is sufficient to meet the definition of "disabled person" under O.C.G.A. § 10-1-850. Accordingly, the Court can impose additional penalties on Defendant of up to $10,000. *Id.* § 10-1-851 at the Court's discretion per violation.

### PRAYER FOR RELIEF:

**Wherefore,** Plaintiff seeks Judgment in Plaintiff's favor and damages against Defendant based on the following requested relief:

### ***JURY TRIAL DEMANDED***

Actual Damages;

Statutory Damages;

Trebled Damages;

Stacked Damages;

Enhanced Civil Damages under Louisiana and or Georgia Law;

Enjoinder from Future Violations;

Recovery of all Costs, Expenses, and or Fees Allowable;

Awards of Pre and or Post Judgment Interest Allowable Under Statutes;

, and such other and further relief the Court deems necessary, just and or proper.

Respectfully Submitted,

X _____[signature]_____        1-25-2023
Clinton Strange                                Dated
Pro Se
7021 Winburn Drive
Greenwood, LA 71033
(318) 423-5057
StrangeC982@gmail.com